**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**PRESTON W. DOSS,**

    Petitioner,

**v.**             **Civil No.: 5:21-CV-60**
              JUDGE BAILEY

**BRIAN ANTONELLI, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 19, 2021, the pro se petitioner, Preston Doss, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On May 18, 2021, the petitioner paid the $5 filing fee. [Doc. 5]. The petitioner is a federal inmate who is housed at USP Hazelton and is challenging the validity of his conviction and sentence from the United States District Court for the Northern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

 **A. Conviction and Sentence**

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on CM/ECF. See United States v. Doss, No.: 1:16-cr-342-BYP. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

On August 15, 2016, officers responded to a report of gunshots in Cleveland. [Doc. 32 at 14]. When the officers arrived on the scene, the petitioner attempted to flee. Id. at 14-15. . When the officers apprehended the petitioner, they retrieved a handgun that he had thrown while he was running away. Id. at 15.. They also found a vial of phencyclidine ("PSP") nearby. Id. The petitioner was subsequently indicted with one count of Felon in Possession of a Firearm. [Doc. 1]. On December 6, 2016, a Superseding Indictment was returned which again charged the petitioner with one count of Felon in Possession of a Firearm and added one count of Possession with Intent to Distribute PCP. [Doc. 13].

In March 2017, the petitioner filed a notice of intent to plead guilty. [Doc. No. 22]. After consenting to the jurisdiction of the Magistrate Judge, he subsequently pleaded guilty before a Magistrate Judge George J. Limbert. [Docs. 30, 31, 32]. The petitioner did not object to the Report and Recommendation. The Court reviewed and adopted the magistrate judge's Report and Recommendation and accepted the petitioner's pleas of guilty to both counts. [Doc. 34].

The petitioner subsequently filed two motions before the Court. First, the petitioner filed a motion to withdraw his guilty plea. [Doc. 35]. The Court denied the motion, finding that there was no fair and just reason for doing so. [Doc. 53]. The petitioner also filed a motion to withdraw Counsel for ineffective assistance of counsel. [Doc. 36]. At the sentencing hearing, the petitioner orally withdrew that motion. [Doc. 53 at 6].

Because the petitioner had at least two prior felony convictions (2006 Drug Trafficking, 2006 Felonious Assault, 2014 Trafficking Offense, and 2014 Attempted Felonious Assault), the petitioner was deemed a career offender, giving him an offense

level of 32,  He received a three level reduction for acceptance of responsibility, leaving him with a total offense level of 29.  Because the petitioner was a career offender, his criminal history category was IV. Accordingly, the petitioner's guidelines range for imprisonment was 151 months to 188 months. On September 7, 2017, judgment was entered which sentenced the petitioner to the custody of the Bureau of Prisons for a term of 120 months as to Count 1 of the Superseding Indictment and 188 months as to Count 2 of the Superseding Indictment with each term to be served concurrently. [Doc. 47].

After the sentencing hearing, the petitioner filed an Anders brief with the United States Court of Appeals for the Sixth Circuit, alleging several bases for appeal, including ineffective assistance of counsel. The Sixth Circuit affirmed the Petitioner's sentence on June 25, 2018, but also found that his ineffective assistance of counsel claim was premature because those objections should be raised in a § 2255 motion to vacate.

The petitioner filed a § 2255 motion on June 17, 2019. [Doc. 57]. The petitioner asserted three grounds for relief including: (1) ineffective assistance of counsel; (2) no factual basis for his guilty plea as to Count Two; and (3) lack of due process at the change of plea hearing. After initial review of the Petitioner's motion, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court dismissed Grounds Two and Three and ordered the Government to file a response to the petitioner's motion on Ground One. [Doc. 59].  The Government filed its Response on July 26, 2019. [Doc. 60]. On August 28, 2019, the § 2255 Motion was denied.  [Doc. 61].

B. **Petitioner's Claims**

The petitioner alleges that his conviction under § 922(g) is invalid because the indictment did not include the "knowledge-of-status element. In advancing this argument,

the petitioner relies on Rehaif v. United States, 139 S.Ct. 2191 (2019) and the Fourth Circuit decisions in United States v. Medley, 972 F.3d 399 (4th Cir. 2020) and United States v. Gary, 954 F.3d 194 (4th Cir. 2020).[2] In addition, the petitioner alleges that he is "factually innocent" of the career offender status that the Court attributed to him. More specifically, the petitioner alleges that the Sixth Circuit has found that Ohio's drug trafficking statute is too broad to categorically qualify as a predicate controlled substance offense. In addition, he alleges that Ohio's felonious assault and aggravated assault is too broad to categorically qualify as a crime of violence under § 4B1.2's elements and enumerated offense clause. Because his career offender status was predicated on prior convictions under these two provisions, the petitioner maintains that he is factually innocent of the enhancement. For relief, he requests that this Court issue a writ of habeas corpus directing the respondent to release him from federal custody or, in the alternative, appoint counsel and schedule this case for an evidentiary hearing.

### III.  LEGAL STANDARDS

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[2] The undersigned notes that the mandate in both Medley and Gary have been stayed pending the decision in Greer v. United States, No. 19-8709.  Moreover, the decisions in Medley and Gary each deal with direct appeals and whether plain error has occurred.  This is an entirely different standard than that employed for the savings clause which might permit the petitioner to seek review of his conviction and/or sentence in a § 2241 petition.

Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his conviction and sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1.997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886

F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.  In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. ANALYSIS

Although the petitioner does not specifically raise the savings clause, he is not entitled to its application with respect to either his conviction under § 922(g) or his sentence.  With respect to his conviction, even if the petitioner satisfied the first and third elements of Jones, the crime for which he was convicted, possession of a firearm by a convicted felon, remains a criminal offense.  Therefore, he cannot satisfy the second element of Jones.

In Rehaif[3], the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor

---

[3] Rehaif reversed and remanded a decision by the United States Court of Appeals on direct appeal.

7

grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2008) (citing United States v. Langley, 62 F.3d 1995), abrogated by Rehaif, 139 S.Ct. 2191).[4] Therefore, the first prong of the Jones test is satisfied.

---

[4] Likewise, at the time the petitioner was convicted, the Sixth Circuit. held that the government did not have to prove that the defendant knew he was in the class of persons prohibited from carrying a firearm and ammunition to convict a defendant under § 922(g). See e.g., Khamisi-El v. United States, 800 F.App'x 344, 349 (6th Cir. 2020).

However, the petitioner cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Azar II, No. 6:20-cv-394, 2020 WL 3843638, at *2 (DSC July 8, 2020) ("being a felon in possession of a firearm remains a valid criminal offense") appeal docketed, No. 20-7299 (4th Cir. 2020); Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases) appeal docketed, No. 20-6814 (4th Cir. 2020); Hoffman v. Breckon, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) appeal docketed, No. 20-6322 (4th Cir. 2020); Swindall v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense and therefore he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 728-4989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019) see also Moss, 2019 WL 7284989, at *6-7.

Likewise, the petitioner cannot satisfy the savings clause under the Sixth Circuit[5] standard. There, in order to properly invoke § 2255's savings clause, a petitioner can only proceed via the savings clause if he can establish his actual innocence by demonstrating:

> (1) The existence of a new interpretation of statutory law; (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

Wooten v. Cauley, 677 F.3d 303, 07 (6th Cir. 2012). The key provision to asserting actual innocence is a showing that after the petitioner's conviction became final, the United States Supreme Court issued a **retroactively applicable** decision. Id. at 307-08.

Numerous federal district courts within the Sixth Circuit, and Circuit Courts of Appeal outside of the Sixth Circuit, have held that Rehaif does not retroactively apply to cases on collateral review. See United States v. Burley, No. 4:15CR 352, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases and citing among authority In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) ("Rehaif did not state a rule of constitutional law at all. Rather, it addressed what the statutes enacted by Congress require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2)…[I]t did not set forth a new rule of constitutional law as contemplated by § 2255(h).")); see also Hagabond v. United States, No. 4:17CR15, 2020 L 2601653, at *2 (E.D. Tenn. May 21, 2020) (some circuit courts and several district courts in the Sixth Circuit have concluded that Rehaif is not retroactively applicable on collateral review) (citing Burley, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020 (collecting cases)); United States v. Conley, No. 5:10CR 00490, 2020 WL 2933560, ay *1 (N.D. Ohio June 3, 2020) ("The Sixth Circuit has held that the

---

[5] Tennessee, Kentucky, and Ohio are the three states that make up the Sixth Circuit.

'rule stated in Rehaif is a matter of statutory interpretation, not a 'new rule of constitutional law.' Khamisi-El v. United States, 800 F.App'x 344, 349 (6th Cir. 2020). Therefore, even if Rehaif's holding would establish the petitioner's actual innocence with respect to his conviction under § 922(g), because Rehaif is not applicable retroactively, he may not rely on it to collaterally attack his conviction pursuant to § 2241 under the savings clause as interpreted in the Sixth Circuit.

Additionally, the undersigned acknowledges that Rehaif requires that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." Rehaif, 139 S.Ct. at 2195-96. Federal courts have interpreted the Supreme Court's holding in this manner and have "squarely rejected the notion that Rehaif requires that a defendant know that he was prohibited from possessing a firearm as a result of that status." See Walker v. Quintana, 5:19-cv-321, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (citing United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019); See also Gray v. United States, 3:19-cv-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020)) ("While Rehaif was in the situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction."). As the Fifth Circuit. has noted:

> Convicted felons typically know that they're convicted felons. And they know the Government would have little trouble proving that they knew. So it is hard to imagine how their convictions or guilty plea was prejudiced by an error under Rehaif. As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants."

Rehaif, 139 S.Ct. at 2209 (Alito, J., dissenting).

11

United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020).

Finally, to the extent that the petitioner may be arguing that Rehaif requires that the prosecution establish that a defendant knew he was not permitted to have a gun because of his prohibited status, he reads too much into the decision. Such knowledge is not and cannot be what Rehaif requires. If it did, it would run headlong into the venerable maxim that ignorance of the law is no excuse. Rehaif did not graft an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of the provision of 18 U.S.C. § 922(g) which prohibits a convicted felon from possessing a firearm.  See United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019).

Next, to the extent that the petitioner is challenging his sentence as a career offender, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[6]

---

[6] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because the petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because the petitioner cannot satisfy the savings clause of § 2255(e) under either Jones or Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the

---

F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944. See also, Braswell v. Smith, 952 F.3d 441, 450 (2020) (A fundamental defect or complete miscarriage of justice, sufficient for a petitioner to be permitted to file a habeas petition under a statute governing motions to vacate, set aside, or correct a sentence, has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.

only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 19, 2021

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE